

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRENDA L. COTHRAN, | § | |
| Plaintiff | § | |
| | § | |
| -v- | § | Civil No. _____ |
| | § | |
| JOHN E. POTTER, POSTMASTER | § | |
| GENERAL | § | |
| Defendant | § | |

**3-08CV0785-0**

21727

---

### PLAINTIFF'S ORIGINAL COMPLAINT

---

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Now comes Brenda L. Cothran and files this Plaintiff's Original Complaint against John E. Potter, Postmaster General. Ms. Cothran alleges that she was discriminated against and retaliated against by her supervisor Angie Fuentes. In support, Ms. Cothran respectfully shows the following:

### I.
### JURISDICTION AND VENUE

1.      Jurisdiction is proper because Plaintiffs claims arise under Federal Law. Furthermore, Plaintiff received a notice of right to file a civil action on or about February 26, 2008. This complaint is filed within ninety days of receipt of such notice.

2.      Venue is proper because the events giving rise to this claim arose in Dallas County, Texas.

### II.
### PARTIES

3.      Brenda L. Cothran is an individual who resides in Dallas County, Texas.

---

4.    Defendant John E. Potter, Postmaster General is the administrative head of the United States Postal Service.

III.
FACTS

5.    Plaintiff is employed by the United States Postal Service as a Health Resource Management Specialist.

6.    Plaintiff works in the injury compensation office in Dallas, Texas.

7.    Plaintiff began working in this position on or about June, 2003.

8.    At all times, Plaintiff has been an exemplary employee of the Postal Service.

9.    In April, 2006, Angie Fuentes became the manager of Injury Compensation and Plaintiffs supervisor.

10.    Plaintiff's second-level supervisor was Denise Cameron.

11.    Plaintiff worked a small regular case load of injury claims and was during the relevant time period the sole specialist responsible for third party claims.

12.    Ms. Fuentes is Hispanic.

13.    Ms. Fuentes believes that she is not treated as well African-American employees.

14.    On October 31, 2000, Ms. Fuentes filed and Equal Employment Opportunity Complaint alleging discrimination against her based on, among other factors, race, national origin, and retaliation.

15.    Ms. Fuentes ultimately filed suit in United States District Court.

16.    Ms. Fuentes lost that suit at the Summary Judgment stage.

17.    Ms. Fuentes appealed that case to the United States Court of Appeals for the Fifth Circuit.

18.    Ms. Fuentes again lost at the Fifth Circuit level.

19.     In reviewing her appeal, the Fifth Circuit concluded that Ms. Fuentes was not discriminated against "in an attempt to hire and promote black employees."

20.     Ms. Fuentes' claims against the Postal Service were factually baseless.

21.     Ms. Fuentes' claims against the Postal Service were legally baseless.

22.     When Ms. Fuentes became the manager of injury compensation, she was returning from an absence that began on or about August, 1999.

23.     In order to eliminate a back log of claims, Ms. Fuentes had the employees perform a "blitz" on all of the claims except for Plaintiff's claims.

24.     When Plaintiff asked that a blitz be performed on her claims, Ms. Fuentes denied the request.

25.     The claims for which Plaintiff was responsible were third party claims.

26.     In addition to Plaintiff's existing workload, Ms. Fuentes began assigning Ms. Cothran, for the first time, injury claims.

27.     Ms. Fuentes brought in two clerks to assist with office work.

28.     Ms. Fuentes asked the clerks to perform an analysis of Plaintiff's performance.

29.     Ms. Fuentes instructed the clerks to go through Plaintiff's files and make a spreadsheet of the claims paid in Plaintiff's cases to see how much money Plaintiff had lost the agency.

30.     Ms. Fuentes threatened to give the report to the District Manager.

31.     From time to time Claims Specialists working in the office went on vacation.

32.     Gloria Longoria, Hispanic, was on vacation from approximately October 10-16, 2006.

33.     Kim Paulison, Caucasian, was on vacation from approximately August 7-14, 2006.

34.     Plaintiff was on vacation from August 7-14, 2006.

35.     While Plaintiff was away on vacation, Ms. Fuentes and Sherry Wilson, Caucasian, entered Plaintiff's workspace.

36.     Ms. Fuentes and Ms. Wilson rearranged the workspace, removed files from how they had been specifically arranged by Plaintiff, making it substantially more difficult for Plaintiff to perform her duties.

37.     Ms. Fuentes and Ms. Wilson never asked Plaintiff for permission before invading her office.

38.     Plaintiff discovered the actions of Ms. Fuentes and Ms. Wilson upon her return from vacation.

39.     Previously, Plaintiff had never made a claim of discrimination in the workplace.

40.     However, after noting that employees of other races did not have their personal space violated, Plaintiff concluded that race was one of the reasons why Ms. Fuentes and Ms. Wilson did not respect Plaintiff's workspace and work product.

**41.     Pursuant to the Postal Service's own requirements, Plaintiff filed an internal EEO complaint of discrimination on November 16, 2006.**

**42.     Ms. Fuentes was informed of the EEO complaint on November 27, 2006.**

**43.     On November 29, 2006, just two days after learning of the complaint, Ms. Fuentes entered Plaintiff's performance ratings.**

**44.     Ms. Fuentes gave Plaintiff an overall rating of five, with ratings on individual core requirements of zero, zero, fourteen, and six.**

45.    In particular, Plaintiff was given a zero in the category of "PR's Require and Rating" while all other Claims Specialists in the unit who were ranked regarding this criteria were given a score of six.

46.    The category of "PR's Require and Rating" is based off of a unit score, not an individual's performance.

47.    By giving Plaintiff a score of zero for "PR's Require and Rating," Ms. Fuentes effectuated a lower merit pay increase.

48.    The consequences of this denied increase will continue for duration of Plaintiff's career with the Postal Service.

49.    Ms. Fuentes also claims that Plaintiff had only processed twenty-five claims, while other Claims Specialists had processed approximately two hundred claims.

50.    This analysis is wholly inaccurate because Plaintiff had done approximately one hundred and eighteen claims.

51.    Ms. Fuentes marked Plaintiff as AWOL for FMLA leave.

52.    This retaliation was reversed by Denise Cameron and HR Manager.

53.    Ms. Fuentes similarly marked Plaintiff as AWOL for scheduled vacation.

54.    Ms. Fuentes marked Plaintiff as AWOL for two hours.

55.    Plaintiff had called in to inform the office that she was going to attend her son's performance at school and would be in shortly thereafter.

56.    Eileen Colburn gave Plaintiff permission.

57.    Non-African American employees, including Gloria Longoria, were not similarly marked as AWOL when they were late.

58.     On information and belief, the other individuals did not call in and gave the excuse of oversleeping to explain their tardiness.

59.     The explanation given to Plaintiff regarding Ms. Fuentes' behavior was that Ms. Fuentes was a bad manager.

60.     All conditions precedent to the bringing of this suit have been satisfied or been fulfilled.

IV.
FIRST CAUSE OF ACTION: RACE DISCRIMINATION

61.     Plaintiff is African-American.

62.     Plaintiff suffered adverse employment action.

63.     The adverse action occurred because of Plaintiff's race.

64.     Defendant's proffered reason for the discrimination is insufficient to meet the requirement of the burden of production or otherwise is pretext for race discrimination.

65.     Because of the actions of Defendant, Plaintiff suffered damages.

V.
SECOND CAUSE OF ACTION: RETALIATION

66.     Plaintiff engaged in protective activity by filing a complaint of discrimination with the Postal Service's internal EEO office.

67.     Plaintiff suffered adverse employment action and/or material harm.

68.     Plaintiff suffered harm because she engaged in the protected activity.

69.     Because of the actions of Defendants, Plaintiff suffered damages.

VI.
JURY DEMAND

70.     Plaintiff exercises her right and demands a jury.

## VII.
## DAMAGES

71.    Plaintiff seeks her actual economic damages, including lost wages and benefits, as well as incidental costs.

72.    Plaintiff seeks lost economic opportunity and damage to her professional reputation.

73.    Plaintiff seeks compensatory damages in an amount to be decided by the jury after hearing all of the evidence.

74.    Because the act of Defendant was performed with malice or reckless disregard to Plaintiffs federally protected rights, Plaintiff seeks punitive damages in amount to be decided by the jury after hearing all of the evidence.

75.    Plaintiff seeks her actual attorney fees.    Plaintiff has hired the undersigned counsel her to represent her and agreed to pay him a discounted hourly rate of $310 per hour for services rendered in this lawsuit.

76.    Plaintiff seeks all out-of-pocket costs incurred in this lawsuit.

77.    Plaintiff seeks pre and post-judgment interest at the maximum amount allowed by law.

78.    Plaintiff requests any other and further relief to which she is justly entitled, whether at law or in equity.

## VIII.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants be cited to appear and that, upon a trial on the merits, that Plaintiff be awarded all damages sought herein.

Respectfully submitted,

ROB WILEY, P.C.

Robert J. Wiley
Texas Bar No. 24013750
*Board Certified in Labor and Employment Law*
*Texas Board of Legal Specialization*
Turtle Creek Tower 310
3131 Turtle Creek Boulevard
Dallas, Texas 75219
Telephone: (214) 528-6500
Facsimile: (214) 528-6511
Attorney for Plaintiff

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**ORIGINAL**

## I. (a) PLAINTIFFS
Brenda Cothran

## DEFENDANTS
John E. Potter, Postmaster General

**3-08CV0785-O**

**RECEIVED**

**MAY - 8 2008**

**CLERK, U.S. DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

**(b)** County of Residence of First Listed Plaintiff   Dallas
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Robert J. Wiley, Law Office of Rob Wiley, P.C., 3131 Turtle Creek
Blvd., Ste. 310, Dallas, TX 75219 (214) 528-6500

Attorneys (If Known)
Tammy S. Barrow, USPS Southwest Law Dept., PO Box
227078, Dallas, TX 75222-7078 (214) 819-8740

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
     Plaintiff

☒ 3  Federal Question
     (U.S. Government Not a Party)

☐ 2  U.S. Government
     Defendant

☐ 4  Diversity
     (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1  Original
     Proceeding

☐ 2  Removed from
     State Court

☐ 3  Remanded from
     Appellate Court

☐ 4  Reinstated or
     Reopened

☐ 5  Transferred from
     another district
     (specify)

☐ 6  Multidistrict
     Litigation

☐ 7  Appeal to District
     Judge from
     Magistrate
     Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title VII of the Civil Rights Act of 1964
Brief description of cause:
Race Discrimination and Retaliation

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
  UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED:
(See instructions):
JUDGE                         DOCKET NUMBER

DATE
04/25/2008

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____